UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHIRLEY ROBINSON                                               CIVIL ACTION

versus                                                         NO. 06-7203

LAFAYETTE INSURANCE COMPANY et al                              SECTION: E/2

## ORDER AND REASONS

Plaintiff Shirley Robinson's ("Robinson")motion to remand this case to the Civil  District Court for the Parish of Orleans is before the Court. Record document #4.  Defendant Insurance Underwriters, Ltd., ("Underwriters") opposes the motion.  After consideration of the motion, the memoranda, the record and the law, the motion to remand is GRANTED.

## REASONS

The plaintiff owns a home in New Orleans that was damaged by Hurricane Katrina.  She had a policy of homeowner's insurance issued by Lafayette, a foreign insurance company, procured through Underwriters, a Louisiana corporation.  Dissatisfied with the payments tendered by Lafayette pursuant to her claims, Robinson filed a Petition for Declaratory Judgment and Damages in Civil District Court for the Parish of Orleans.  It appears that only Underwriters has been served.  Underwriters removed the suit alleging federal question jurisdiction pursuant to 42 U.S.C. §401 *et seq.*, the National Flood Insurance Act, and supplemental jurisdiction over the state law claims premised on the federal

question jurisdiction.

The allegations in the Petition against Underwriters include failure to provide plaintiffs the option of purchasing excess flood insurance, failure to procure adequate flood insurance, and failure to advise plaintiffs of the inadequacy of their flood coverage.  Petition, ¶¶ XVII, XVIII.  In its memorandum in opposition to the motion to remand, Underwriters argues at length, and in vain, that notwithstanding judicial opinions in this district to the contrary, all flood claims, including a claim of failure to procure flood insurance, are perempted by federal law and "invoke" federal question jurisdiction.  This Court disagrees with Underwriters, and agrees with the other Courts in the Eastern District holding that claims for failure to procure flood insurance do not fall under federal question jurisdiction.  <u>Landry v. State Farm Fire & Casualty</u>, 428 F.Supp.2d 531, 533-535 (E.D.La. April 25, 2006)(Fallon, J.); <u>Cosse v. B.G. Matte</u>, 2006 WL 1968868, *2 (E.D.La. July 7, 2006)(McNamara, J.);  <u>Nash v. Harry Kellerher & Company, Inc.</u>, 2006 WL 2644960, *3 (E.D.La. Sept. 14, 2006) (Africk, J.)("[O]nly claims for the actual handling of NFIP policies, as opposed to claim of negligence in their procurement, present federal questions.")

As provided in La. C.C.P. Art. 893(A), Robinson's petition includes no claim for a specific amount of damages, but does

include a general allegation at ¶ XXVII that "Plaintiffs' damages are less than Seventy-Five Thousand Dollars ($75,000.00)." The effect of the allegation is to avoid federal diversity jurisdiction. *See* <u>Id.</u> Moreover, the Court notes for the record that there is no diversity on the face of the pleadings because the only diverse defendant does not appear to have been served.

Accordingly,

**IT IS ORDERED** that Shirley Robinson's motion to remand is **GRANTED**, and the captioned matter, C.A. 06-7203, is hereby **REMANDED** to the Civil District Court for the Parish of Orleans for lack of subject matter jurisdiction.

New Orleans, Louisiana, January 10, 2007.

_____
**MARCEL LIVAUDAIS, JR.**
Senior United States District Judge